CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 19 2007
JOHN F. CORCORAN, CLERK
BY: /s/ Brush
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SALIH RASHAD MAJIED, ) | |
| ) | |
| Plaintiff, ) | Case No. 7:05CV00077 |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, ) | |
| ) | By: Hon. James C. Turk |
| Defendant. ) | Senior United States District Judge |

The Plaintiff, Salih Rashad Majied ("Majied"), proceeding pro se, brings this action pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a(b), against the Defendant, the United States of America. Majied alleges in his complaint that the Defendant allowed his former wife access to his medical records and that this violated his privacy and constituted assault, libel, and slander. The case is before the court on the Defendant's motion to dismiss for lack of subject jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The Defendant argues that the Plaintiff's Privacy Act claim is barred by the applicable statute of limitations, and therefore the court lacks jurisdiction over that claim.[1] The parties have argued and briefed the issue making this case ripe for the court's

---

[1] The court is not convinced that the statute of limitations issue asserted is properly analyzed in jurisdictional terms. A statute of limitations is normally considered an affirmative defense which need not be negated in the complaint, and will provide a basis for dismissal only if it is apparent from the face of the complaint that the action is time-barred. LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004); Mudd v. U.S. Army, No. 2:05-cv-137-FtM-29DNF (M.D. Fla. Nov. 3, 2006). Privacy Act cases such as Diliberti v. United States, 817 F.2d 1259, 1262 (7th Cir. 1987), do indeed hold that the failure to file a Privacy Act complaint within the two-year statute of limitations deprives a federal court of subject matter jurisdiction. In Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 95-96 (1990), however, the Supreme Court held that in cases where Congress has waived sovereign immunity, equitable tolling can be presumed to apply as it ordinarily applies to private litigants. In Chung v. U.S. Dept. Of Justice, 333 F.3d 273 (D.C. Cir. 2003), the court relied upon Irwin to find that the statute of limitations in a Privacy Act case was not jurisdictional, but was subject to equitable tolling. See also Leavell v. Kieffer, 189 F.3d 492, 494-95 (7th Cir.1999) (holding that statute of limitations not jurisdictional but instead an affirmative defense); Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996) (internal citations omitted) (holding that statute of limitations defense is an affirmative defense that merits a dismissal pursuant Rule 12(b)(6)). Accordingly, the court will construe the Defendant's motion as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

1

consideration. Upon review of the record and consideration of the arguments in the case, the court is compelled to grant the Defendant's motion to dismiss.

I.

Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Estelle v. Gamble, 429 U.S. 97 (1976). Even under this less stringent standard, however, the pro se complaint nonetheless may be subject to summary dismissal. If the court can "reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented." Hempfling v. L.M. Commc'ns of S.C., Inc., No. CIVA 2:04-1373, 2005 WL 4541041, at *2 (D.S.C. Aug. 30, 2005) (quoting Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999)). Likewise, a court may not construct the Plaintiff's legal arguments for him or "conjure up questions never squarely presented" to the court. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Where "the context . . . makes clear a litigant's essential grievance, the complainant's additional invocation of general legal principles need not deter the district court from resolving that which the litigant himself has shown to be his real concern." Beaudett, 775 F.2d at 1278.[2]

---

[2] Majied's original complaint concentrates on what appears to be a breach of privacy claim. Majied does allege that the disclosure of his records constitutes assault, libel, and slander, thus, possibly invoking a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2671-2680. (Compl. 2.) When the government addressed Majied's possible FTCA claims in its first motion to dismiss, however, Majied responded in his Statement in Response by citing law relevant only to the Privacy Act, thus implying that he was bringing suit under the Privacy Act and not the FTCA. The discussions the court had with both parties concerned only the Privacy Act. After the government filed its second motion to dismiss, alleging that the statute of limitations had run as to any Privacy Act claims, Majied, in his Counter Affidavit in Opposition, recanted and alleged that his suit was filed only under the FTCA. It is clear to this court that Majied's complaint, when read together with his administrative claim (filed as an exhibit to his complaint), is that his right to privacy as guaranteed by the Privacy Act of 1974 was violated. To the extent that Majied is filing suit under the FTCA, however, his claims still fail. The FTCA is a limited waiver of the United States's sovereign immunity restricted to acts or omissions of government employees. The FTCA defines the term "employee of the government" as "(1) officers or employees of any federal agency . . . and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of

2

**II.**

Majied alleges that his former wife, Brenda T. Majied, while working at the Salem, VA Veterans Affairs Medical Center ("VAMC"), gained access to his personal medical records and disclosed sensitive information[3] from those records to his children causing him mental anguish and stress. Majied alleges that this disclosure ruined his relationship with his children and that it constituted slander, defamation of character, assault, and libel.

**III.**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Martin, 980 F.2d at 952 (internal quotations omitted). The court "must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff." Id.

**IV.**

The Privacy Act prohibits a government agency from disclosing an internal record to another

---

the United States, whether with or without compensation . . . ." 28 U.S.C. § 2671. The definition of "federal agency" states that the term "does not include any contractor with the United States." Id. Further, the FTCA restricts suits for the wrongful act or omission of an employee "*while acting within the scope of his office or employment*, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b) (emphasis added). Not only did Brenda Majied work at the VAMC as a temporary contract employee, but she certainly acted outside the scope of her job as a file clerk. She had no authority to disclose medical information about any VAMC patient to anyone outside of the VAMC and it is clear that she was acting "wholly from an external, independent, and personal motive." Ross v. Bryan, 309 F.3d 830, 834 (4th Cir. 2002) (quoting Sayles v. Piccadilly Cafeterias, 242 Va. 328, 332 (1991)). Thus, this court interprets Majied's claims to be filed only under the Privacy Act.

[3] Majied alleges that Brenda Majied disclosed to his children that he has a sexually transmitted disease and other physical and mental problems. (Attach. #1 to Compl. 1.)

3

person or agency without the consent of the person to whom the information pertains, with certain exceptions. 5 U.S.C. § 552a(b). For this purpose, a communication is not a disclosure unless it imparts information to someone who does not already know it. Reyes v. Supervisor of Drug Enforcement Admin., 834 F.2d 1093, 1096 (1st Cir. 1987) (citing Pellerin v. Veterans Administration, 790 F.2d 1553, 1556 (11th Cir. 1986); FDIC v. Dye, 642 F.2d 833, 836 (5th Cir. 1981). Majied's claim falls within a catchall category for someone who suffers an "adverse effect" from a failure not otherwise specified in the remedial section of the Act. § 552a(g)(1)(D); Doe v. Chao, 540 U.S. 614, 618 (2004). If a court determines in a subsection (g)(1)(D) suit that the agency acted in an "intentional or willful" manner, the Government is liable for "actual damages sustained by the individual . . ., but in no case shall a person entitled to recovery receive less than . . . $1,000." § 552a(g)(4)(A).

As a general rule, an action under the Federal Privacy Act must be commenced within two years from the date on which the cause of action arose. 5 U.S.C. § 552a(g)(5).[4] It is Majied's duty to establish that the complaint was filed within the limitations period of the Privacy Act. Doe, 1998 WL 743665, at * 3 (citing Bowyer v. U. S. Dep't of Air Force, 875 F.2d 632, 635 (7th Cir. 1989)). In a normal Privacy Act claim, the cause of action does not arise and the statute of limitations does not begin to run until the plaintiff knows or should have known of the alleged violation. Seldowitz v. Office of Inspector Gen., U.S. Dept. of State, No. 00-1142, 2000 WL 1742098, at *3 (4th Cir. Nov. 13, 2000) (citing Tijerina v. Walters, 821 F.2d 789 (D.C. Cir. 1987)); Doe v. National Sec.

---

[4] An exception to this rule exists when an agency has *materially or willfully misrepresented* any information required under the Act *to be disclosed* to an individual and the information so misrepresented is material to the establishment of the liability of the agency to the individual, in which case the action may be brought at any time within two years after discovery by the individual of the misrepresentation. 5 U.S.C. § 552a(g)(5). The statute of limitations begins to run at *actual discovery* in that instance. There is no issue regarding misrepresentation in this case.

4

Agency, No. 97-2650, 1998 WL 743665 (4th Cir. Oct. 23, 1998) (holding that a cause of action arises under the Privacy Act when the person knows or has reason to know of the alleged violation). In Majied's October 11, 2002 administrative claim[5], he states that the conduct at issue occurred between January and April of 2001, when his former wife left messages concerning his medical records on his answering machine which were then overheard by his children. Thus, the court finds that the statute of limitations began to run in January of 2001 because that is when Majied became aware of his former wife's disclosure of his medical records to his children.

The United States filed a motion to dismiss addressing the merits of Majied's claims on September 1, 2006, and a subsequent motion to dismiss designating Majied's Privacy Act claims as time barred, on March 23, 2007. Ordinarily, an affirmative defense, such as the running of a limitations period, must be asserted in the first pleading or it may be waived. Fed. R. Civ. P. 8(c). The court in S. Wallace Edwards & Sons, Inc. v. Cincinnati Ins. Co., 353 F.3d 367 (4th Cir. 2003) (quoting Brinkley v. Harbour Recreation Club, 180 F.3d 598 (4th Cir. 1999)), held that such a waiver, however, should not be effective unless the failure to plead resulted in unfair surprise or prejudice to the defendant. The Wallace court held that the plaintiff was prejudiced because the insurance company negotiated with the plaintiff for some two years with respect to the amount of the loss, engaged in discovery, attended depositions of witnesses, and examined the reports of proposed witnesses with respect to that loss. The insurance company failed to deny liability on the claim until after the case had been set for trial and eleven (11) days after the two-year limitation

---

[5] Majied's administrative claim was filed as Exhibit A to his complaint. See Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005) (holding that the Civil Rules make it clear that the written instruments made exhibits to any pleading are a part of the pleading); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991) (relying on Rule 10(c), holding that the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

5

period of the policy had expired. The current instance is not nearly as extreme as the situation in Wallace, therefore, the court finds that considering the government's second motion will not result in unfair surprise or prejudice to Majied.[6] See also Polsby v. Chase, 970 F.2d 1360 (4th Cir. 1992) (finding that trial court did not abuse its discretion in allowing sex discrimination defendant to raise affirmative defense, that claim was time barred, in pretrial motion rather than in answer); Peterson v. Air Line Pilots Ass'n, Intern., 759 F.2d 1161 (4th Cir. 1985) (holding that waiver is not automatic and requires a showing of prejudice or unfair surprise).

The court will now address the issue of whether § 552a(b) of the Privacy Act has an administrative exhaustion requirement as this has bearing on whether or not Majied's October 11, 2002 administrative claim tolled the requisite two-year statute of limitations. The Act nowhere clearly states that the exhaustion of administrative remedies is a prerequisite to judicial review, however, the majority of courts that have addressed the issue find that there is no exhaustion requirement under the Privacy Act for suits for *damages*. See Alois Valerian Gross, Annotation, Exhaustion of Administrative Remedies as Prerequisite to Civil Action Under § 3(g) of Privacy Act (5 U.S.C.A. § 552a(g)), 82 A.L.R. Fed. 698 (1987). The court in M.K. v. Tenet, 99 F. Supp. 2d 12, 20 (D.D.C. 2000), determined that exhaustion of administrative remedies is not required where an individual seeks damages pursuant to 5 U.S.C. § 552a(g)(4), which provides for the recovery of

---

[6] Regardless, the court may also raise the issue of statute of limitations sua sponte since Majied is proceeding in forma pauperis. This court signed an Order granting Majied leave to proceed as such on February 2, 2005. See Eriline Co. S.A. v. Johnson, 440 F.3d 648 (4th Cir. 2006) (finding that district court was precluded from sua sponte raising statute of limitations defense to support dismissal of action, where defendants waived limitations defense by failing to assert it in their answer, and no special circumstances, such as the complaint being filed in forma pauperis pursuant to 28 U.S.C. § 1915, justified sua sponte consideration of the defense).

6

damages from the government for violations of 5 U.S.C. § 552a(g)(1)(C) or (D).[7] See also Pollack v. Department of Justice, 49 F.3d 115 (4th Cir. 1995) (finding that the plaintiff's Privacy Act claim was not properly before the district court because he did not first exhaust administrative remedies where he was requesting documents, not suing for damages for their unauthorized release); Quinn v. Stone, 978 F.2d 126 (3rd Cir. 1992) (holding that there is an administrative exhaustion requirement for suits under § 552a(g)(2)(A), for correction of records, but not for suits under § 552a(g)(4), for damages); Diedrich v. Dep. of Army, 878 F.2d 646 (2d Cir. 1989) (holding that a person may sue for damages under the Privacy Act when the agency's violation has an adverse effect upon him; there is no need to wait until the agency completes its review of the claim . . . [t]hus the exhaustion doctrine does not bar suits for damages); Hewitt v. Grabicki, 794 F.2d 1373 (9th Cir. 1986); Nagel v. U.S. Dept. Of Health, Educ., & Welfare, 725 F.2d 1438 (D.C. Cir. 1984); cf. Douglas v. Agric. Stabilization and Conservation, 33 F.3d 784 (7th Cir. 1994) (casting doubt on the district court's conclusion that there was an administrative exhaustion requirement but not deciding the issue).

Because exhaustion of administrative remedies is not a prerequisite for a Privacy Act damages suit, Majied's October 11, 2002 administrative claim did not toll the relevant statute of limitations. See Uhl v. Swanstrom, 876 F. Supp. 1545 (N.D. Iowa 1995) (holding that there is no administrative exhaustion requirement in the provisions of the Privacy Act allowing for civil judicial

---

[7] Majied's response to the government's first motion to dismiss indicates that he is basing this suit on 5 U.S.C. § 552a(b) of the Privacy Act. He also asserts on page four (4) of his response that he has alleged an adverse effect sufficient to satisfy 5 U.S.C. § 552a(g)(1)(D). A sufficient pleading under this section allows a plaintiff to receive damages pursuant § 552a(g)(4). Majied's complaint does not explicitly indicate that he is asking for damages but his administrative claim states that he is asking for "5 million dollars or a settlement offer" and his "Motion for Civil Case to Proceed as Filed" filed subsequent to the government's first motion to dismiss states that he "would consider a settlement in this matter if offered in good faith." Thus, this court makes the determination that Majied has filed suit under the Privacy Act for damages.

7

actions for damages to remedy violations of the Act under 5 U.S.C. § 522a(g) and, therefore, the voluntary pursuit of administrative procedures should not toll the running of the statute of limitations for the Privacy Act claim). As the cause of action arose in January of 2001 and Majied did not file suit until February 8, 2005, Majied's claim was filed well after the two-year statute of limitations had run and is, therefore, time-barred.[8]

For these reasons, Defendant's March 23, 2007 motion to dismiss pursuant to Rule 12(b)(1) and construed as a motion pursuant to Rule 12(b)(6) will be **GRANTED**. Defendant's September 1, 2006 motion to dismiss pursuant to Rule 12(b)(1) and (6) will be **DISMISSED** as **MOOT**. An appropriate Order will issue this day.

ENTER: This 18th day of April, 2007

HON. JAMES C. TURK
SENIOR UNITED STATES DISTRICT JUDGE

---

[8] Even if Majied's administrative claim tolled the statute of limitations, the two-year time limit had already run by the time Majied filed suit. Majied filed his administrative claim on October 11, 2002. In that claim he stated that the incidents with his former wife occurred between January and April of 2001. Thus, the time of accrual of the cause of action is January of 2001, and approximately one (1) year and nine (9) months had already passed by the time Majied filed his administrative claim. The Department Of Veterans Affairs' final response to Majied's claim was on September 29, 2004. Thus, the statute of limitations was no longer tolled and continued to run on that date. Majied did not file this civil action in federal court until February 8, 2005. That is approximately an extra four (4) months in addition to the one (1) year and (9) months that had already run before Majied filed his administrative claim. Thus, the two-year statute of limitations ran in December of 2004 and Majied missed the deadline to file his suit by approximately one (1) month. The court also determines that the doctrine of equitable tolling will not save Majied's claim. See Chung v. U.S. Dept. of Justice, 333 F.3d 273 (D.C. Cir. 2003) (holding that a Privacy Act claim for unlawful disclosure of personal information is sufficiently similar to a traditional tort claim for invasion of privacy to render the Irwin presumption of equitable tolling applicable) (citing Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990)). The Chung court stated that equitable tolling "merely ensures that the plaintiff is not, by dint of circumstances beyond his control, deprived of a 'reasonable time' in which to file suit." Id. at 279 (quoting Cada v. Baxter Health Care Corp., 920 F.2d 446, 452 (7th Cir. 1990)). This court finds that Chung is inapplicable to the present case as Majied has not presented a sufficient excuse for his failure to file suit within two years of the time the cause of action arose. He has not alleged any circumstances beyond his control that prevented him from filing suit and he has certainly had a reasonable time in which to file suit.